Justice Levin
wrote a dissenting opinion, which I believe to be the more correct approach. In a nutshell, Justice Levin noted that the issue is a standard *541 of care issue, not a duty issue. He also pointed out that the “no-duty” rule actually came about as one way of expressing that a plaintiff was contributorily negligent. The defendant’s duty should be tied to the relationship between the parties, and that duty would be owed regardless of whether a comparative negligence or contributory negligence system is in place. A finding of comparative negligence would assume that the defendant was in fact negligent, because comparative negligence is used only as a tool for apportioning damages after a breach of duty on the part of the defendant has been found. The primary questions for the jury to resolve in premises liability cases are, first, whether the defendant has breached his duty of care, and, second, whether his liability is somehow limited by the plaintiff’s comparative negligence. It is within this framework that the Restatement approach to the open and obvious danger doctrine must be viewed. I agree with Justice Levin’s approach.
in. WHY THE MAJORITY APPROACH IS WRONG
In light of the principles underlying the open and obvious doctrine, I believe that it would be a serious mistake to rephrase the open and obvious rule in yet another imprecise fashion. I further believe that the majority is in error.
In support of the “special aspects” test, the majority offers the following quotation from Bertrand at 614:
With the axiom being that the duty is to protect invitees from unreasonable risks of harm, the underlying principle is that even though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees. Quinlivan .... Consequently, because the danger of tripping and falling on *542 a step is generally open and obvious, the failure to warn theory cannot establish liability. However, there may be special aspects of these particular steps that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found to have breached the duty to keep the premises reasonably safe. [Ante at 517 (emphasis added).]
While Bertrand recognized that if a condition has special aspects that render it unreasonably dangerous, the possessor may be subject to liability; the quoted language in no way implies that the possessor only has a duty to undertake reasonable precautions to protect his invitees when a condition has special aspects.
Bertrand was intended as an application of the Restatement approach to open and obvious dangers. Considered in the context of the language of the Restatement, it is clear that Bertrand's focus was on whether the possessor failed to exercise reasonable care to protect his invitees against an unreasonable risk of harm flowing from a condition that the possessor knew about or should have discovered through the exercise of reasonable care, and whether the possessor should have expected that the invitees would not discover or realize the danger or would fail to protect themselves against it. Secondarily, Bertrand considered whether harm should have been anticipated by the possessor.
In my view, special aspects of a particular condition may be relevant to a determination whether liability should be imposed; however, consideration of special aspects should be made in the context of the Restatement test. For example, if a condition has special aspects that render it unusual, it is possible that a *543 court could conclude that the possessor should have known that the condition could pose an unreasonable risk of danger to his invitees. If the court then concludes that the possessor knew about the condition or could have discovered it by the exercise of reasonable care, that the possessor should have expected that the invitees would not discover or realize the danger or would fail to protect themselves against it, and that the possessor failed to exercise reasonable care in protecting his invitees, the court could hold that the defendant is subject to liability pursuant to § 343. Moreover, the special aspects of a particular condition on the land might be relevant to a determination whether the possessor should have anticipated that the condition on his land would cause harm to his invitees. If so, the liability shield of § 343A could be lifted.
In sum, while “special aspects” may be considered in determining whether liability should be suspended, the existence or absence of special aspects in a particular case will not necessarily be outcome determinative. Instead, pursuant to the Restatement, courts must focus on whether an unreasonable danger is presented, whether harm should be anticipated, and whether the duty of care has been breached.
IV. AN ALTERNATIVE APPROACH
I believe that the appropriate questions that should be taken up in this case are those posed by the Restatement. I would conclude that the plaintiff has failed to establish that the pothole in the defendant’s parking lot presented an unreasonable risk of harm. Because § 343 of the Restatement provides that a possessor can be liable only when a condition involves *544 an unreasonable risk of harm, the plaintiff cannot prevail. Likewise, the plaintiff has failed to establish that the defendant should have anticipated that she would be injured by the pothole. Rather, as the majority asserts, the pothole was the type of open and obvious condition that a reasonably prudent person would avoid. Therefore, under § 343A, the defendant is not liable for the physical harm caused by the condition.
The plaintiff has failed to establish a material issue of fact. The circumstances of this case reveal that the liability cannot be imposed against the defendant. Therefore, I join the majority’s decision to reverse.
Kelly, J., concurred with Cavanagh, J.